UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD BETSCHART,<br><br>        Plaintiff,<br><br>  v.<br><br>GORDON TRUCKING, INCORPORATED,<br><br>        Defendant. | 1:08-cv-0204 OWW GSA<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 6/15/09<br><br>Non-Dispositive Motion Filing Deadline: 6/30/09<br><br>Dispositive Motion Filing Deadline: 7/15/09<br><br>Settlement Conference Date: 6/30/09 10:00 Ctrm. 10<br><br>Pre-Trial Conference Date: 9/21/09 11:00 Ctrm. 3<br><br>Trial Date: 11/3/09 9:00 Ctrm. 3 (JT-12 days) |

I.  Date of Scheduling Conference.

    September 5, 2008.

II. Appearances Of Counsel.

    Highman, Highman & Ball by Bruce J. Highman, Esq., appeared on behalf of Plaintiff.

    Hardy Erich Brown & Wilson by David L. Perrault, Esq., and Aldon L. Bolanos, Esq., appeared on behalf of Defendant.

///

**III.   Summary of Pleadings.**

  <u>Plaintiff's Summary</u>

  1. Plaintiff Arnold Betschart was employed for over 18 years for defendant Gordon Trucking, Inc., until he was involuntarily terminated on or about June 6, 2007.  He first worked in Pacific, Washington headquarters, and then became director of regional operations in Turlock, California starting February 13, 1995, where he established a terminal, hired the driving and non-driving staff, established a maintenance facility and staffed and ran it, and got the overall business up and running in California.  He remained in this position until May 31, 2006, when he was involuntarily removed from the position and moved into the position of director of maintenance/operations. His base pay remained the same in the new position, but he lost eligibility for incentive pay.  Therefore, it was a demotion. Then on June 6, 2007, he was involuntarily terminated from his employment.  Plaintiff had a history of favorable feedback, positive evaluations, pay raises, and bonuses.

  2. At the time of his termination, plaintiff was 59 years old.  When he was demoted, he was replaced by someone in his 30s. When he was terminated, he was replaced by a person also in his 30s.  Discriminatory ageist remarks were made by Steve Gordon, the Chief Operating Officer of defendant when he announced plaintiff's demotion.  Other ageist remarks were directed, as well, at plaintiff by the person who replaced him when he was terminated; and previously, other ageist remarks were also directed at him.

  3. Plaintiff had had heart surgery and hip replacement

2

surgery, and was disabled at the time of his termination.  His wife had, and still has, cancer, and his stepson, who he is raising and who was covered on the defendant's health plan, has cerebral palsy.  Defendant's health plan was a plan in which defendant ended picking up most medical costs for its employees and their dependents out of its own pocket; and it had paid substantial health expenses for plaintiff and his family, and anticipated paying substantial additional ones, and defendant had made remarks indicating concern over these expenses it was incurring and would continue to incur for plaintiff and his family.

   4.   Defendant also had made negative remarks about plaintiff's disabilities.

   5.   Plaintiff contends he was demoted and transferred, denied incentive pay in conjunction therewith, and terminated (a) related to his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 et seq., (b) related to disability, in violation of the Americans with Disabilities Act for violation of 29 U.S.C. § 12112 et seq., (both related to plaintiff's own disabilities and related to the known disabilities of persons [his wife and stepson] with whom the employee (plaintiff) is known to have a relationship or association - see 42 U.S.C. § 12112(b)(4); (c) in violation of the Employment Retirement Income Security Act, and specifically for violation of 29 U.S.C. § 1140, including, without limitation, related to his entitlement to benefits covered by ERISA and his employer's desire to deny him and not pay for these benefits, and/or in retaliation for his having exercised his right to

3

1  participate in an ERISA-covered health insurance plan, and an
2  expectation of what the benefits would be which he would receive
3  in the future, and/or with the purpose of interfering with the
4  statement of a right to which he had become entitled under an
5  ERISA-covered employee benefits plan, and/or based on his laying
6  claim to and/or seeking to qualify for vested or unvested
7  benefits under an ERISA-covered employee benefit plan.
8  Basically, he was becoming a very costly employee in terms of
9  health benefits (which were paid for directly by the employer -
10 the employer was essentially self-insured), and to a lesser
11 degree, the 401(k) plan of the employer.
12     6.   Plaintiff also alleges that in wrongfully transferring
13 and demoting plaintiff, denying him incentive pay, and
14 terminating him, defendant also violated the California Fair
15 Employment and Housing Act's provisions on age discrimination and
16 disability discrimination, as well as engaged in tortious
17 wrongful adverse public actions against public policy.
18     7.   Plaintiff seeks past and future economic loss according
19 to proof, damages for emotional distress, humiliation,
20 embarrassment, mental anguish, shame, loss of enjoyment of life,
21 pain, and suffering, and injury to reputation, according to
22 proof, and punitive and exemplary damages according to proof.
23 Plaintiff will also seek equitable relief as may be appropriate,
24 including, without limitation, reinstatement and/or front pay,
25 appropriate seniority, promotions and pay raises, appropriate
26 expungement of his employment records, and removal and correction
27 of any adverse effects of defendant's unlawful conduct.
28 Plaintiff will also seek an award of reasonable attorneys' fees

and costs.  As to the ADEA claim, plaintiff also seeks an award of an additional amount as and for liquidated damages equal to the economic damages awarded in the matter.

**Defendant's Summary**

1.   Mr. Betschart began his employment with Gordon Trucking in August, 1988, and thereafter voluntarily resigned on March 15, 1994.  Thereafter, Gordon Trucking approached Mr. Betschart and re-hired him on February 13, 1995, to operate a new terminal in Modesto/Turlock, California.

2.   Importantly, most of plaintiff's allegations of discrimination allegedly took place *prior* to Gordon Trucking re-hiring him!  Unfortunately for Mr. Betschart, a storm of personal issues related to him and his wife divorcing, his ailing mother passing away, and subsequent issues with his brother over their mother's estate, and other related matters led Mr. Betschart to lose the initiative, drive and enthusiasm that characterized his earlier employment.  He simply lost interest in working.  To that end, Mr. Betschart was counseled several times regarding his performance deficiencies as the manager.

3.   Therefore, for its part, Gordon Trucking, in an effort to accommodate a cherished employee, transferred plaintiff from operations to maintenance, at the same salary and benefits. However, with this transfer, Mr. Betschart continued to show little interest in his duties or his performance.  Accordingly, after a series of efforts to encourage his improvement, and with no further recourse, on June 6, 2007, he was terminated for non-performance.

4.   With respect to Mr. Betschart's specific allegations,

5

Gordon Trucking categorically denies anyone in management made ageist remarks to or about him, and denies any and all allegations about disability discrimination related to his and/or his new family's medical condition (Betschart remarried after he and his first wife divorced). Indeed, Mr. Betschart, his new wife and stepson were treated at all times as any other employee and his/her family relative to employment, evaluations, compensation and benefits. Moreover, and in fact, all of Gordon Trucking's employee medical benefits are administered by a fair, impartial, and independent third party administrator. Thus, Gordon Trucking looks forward to the facts coming to light to refute these meritless claims.

IV.   Orders Re Amendments To Pleadings.

    1.   The parties do not anticipate amending the pleadings at this time.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiff is a citizen of the United States, a resident of the Eastern District of California at all times relevant, from August of 1988, with an interruption from April 13, 1994, to February 13, 1995. His employment with the company ended in June of 2007.

        2.   Gordon Trucking, Inc., is a Washington corporation licensed to do business as a commercial trucking firm in the State of California.

        3.   At the time Plaintiff left Defendant's employment, he was director of maintenance operations.

      4.   On May 31, 2006, Plaintiff was reassigned. Plaintiff contends this was a demotion.

      5.   Plaintiff's reassignment involved a change of title from director of regional operations to director of maintenance operations.

      6.   It is anticipated that certain basic facts about Plaintiff and Plaintiff's employment history, including, without limitation, the dates of his employment, his job titles, the dates of changes in his job titles, his pay history, the benefits he was entitled to, what amount of medical expenses the employer paid for Plaintiff as part of the health plan, Plaintiff's date of birth, the date he was transferred, what ratings were written down on his performance valuations, the date of his termination, who replaced Plaintiff when he was transferred and when he was terminated, and who his wife is and his stepson is, will not be contested.

    B.   Contested Facts.

      1.   It is anticipated that other important facts about Plaintiff and Plaintiff's employment history will be contested including, without limitation, (a) whether he was demoted, denied incentive pay, and/or terminated based on his age, and the underlying facts pertaining thereto; (b) whether he was demoted, denied incentive pay, and/or terminated based on his disabilities and/or his association with his wife and stepson pertaining to their disabilities, and the underlying facts pertaining thereto; (c) whether he was demoted, denied incentive pay, discriminatorily treated and/or terminated related to the company's health plan and Plaintiff's benefits, and Plaintiff's

7

use of those benefits, and assumptions made about the cost of Plaintiff's using those benefits in the future, and the underlying facts pertaining thereto; (d) whether discriminatory remarks were made relating to, and/or discriminatory actions were taken against, Plaintiff at various times during his employment, and if so, what were the particulars of those discriminatory remarks and discriminatory actions; (e) facts pertaining to Plaintiff's and his family's medical conditions, medical issues and medical history and history; (f) the reason(s) Plaintiff was transferred/demoted, denied incentive pay, and terminated; (g) whether the ratings on Plaintiff's performance evaluations accurately reflected his performance; (h) what Plaintiff's job performance was like; and (i) whether Plaintiff is entitled to any damages or other relief and, if so, what and in what amount.

VI.  Legal Issues.

    A.  Uncontested.

        1.  Jurisdiction exists under the ADEA, 29 U.S.C. §§ 623 et seq. and 29 U.S.C. §§ 12112 et seq.  There is no dispute that the ADEA applies to age discrimination.

        2.  The Americans with Disabilities Act, 29 U.S.C. § 12112 et seq., applies to claims for disability discrimination such as those brought by Plaintiff.

        3.  The employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, applies to the ERISA claims Plaintiff has brought.

        4.  There is no dispute that the California Fair Employment & Housing Act ("CFEHA") applies to the state age discrimination claims and disability discrimination claims

8

Plaintiff has brought.

5. There is no dispute that the state common law claims of tortious wrongful adverse personnel actions against public policy apply to the claims Plaintiff has brought.

6. At this time, without discovery, the parties believe that the substantive law of the State of California provides the rule of decision for supplemental and common law claims.

7. Venue is proper under 28 U.S.C. § 1391.

B. Contested.

1. The following legal issues are disputed: (1) Defendant disputes that it violated the ADEA in this case; (2) Defendant disputes that it violated the ADA in this case; (3) Defendant disputes that it violated ERISA, including without limitation 29 U.S.C. § 1140, in this case; (4) Defendant disputes that it violated the California Fair Employment and Housing Act, including without limitation, its age discrimination and disability discrimination provisions, in this case; (5) Defendant disputes that it committed any tortious adverse personnel action against public policy in this case, including, without limitation, any tortious wrongful discharge against public policy, any tortious wrongful demotion against public policy, and any tortious denial of pay against public policy; (6) Defendant disputes that Plaintiff has sustained any damages of any kind or character and disputes that Plaintiff is entitled to any relief, including receipt of any attorney's fees.

VII. Consent to Magistrate Judge Jurisdiction.

1. The parties have not consented to transfer the

9

case to the Magistrate Judge for all purposes, including trial.

VIII.     Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.    Discovery Plan and Cut-Off Date.

    1.    The parties each intend to serve written discovery on each other.  The parties each intend to take approximately 15 depositions.

    2.    The parties are ordered to complete all non-expert discovery on or before May 15, 2009.

    3.    The parties are directed to disclose all expert witnesses, in writing, on or before April 15, 2009.  Any supplemental or rebuttal expert disclosures will be made on or before May 15, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.    The parties are ordered to complete all discovery,

including experts, on or before June 15, 2009.

5. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before June 30, 2009, and heard on July 31, 2009, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

2. In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3. All Dispositive Pre-Trial Motions are to be filed no later than July 15, 2009, and will be heard on August 17, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

1. September 21, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2. The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

11

3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

1.   November 3, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   This is a jury trial.

3.   Counsels' Estimate Of Trial Time:

    a.   12 days.

4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

1.   A Settlement Conference is scheduled for June 30, 2009, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.

2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any

terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5. The Confidential Settlement Conference Statement shall include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims

13

1  are founded; a forthright evaluation of the parties' likelihood
2  of prevailing on the claims and defenses; and a description of
3  the major issues in dispute.
4          c.   A summary of the proceedings to date.
5          d.   An estimate of the cost and time to be
6  expended for further discovery, pre-trial and trial.
7          e.   The relief sought.
8          f.   The parties' position on settlement,
9  including present demands and offers and a history of past
10 settlement discussions, offers and demands.
11 XV.  Request For Bifurcation, Appointment Of Special Master,
12 Or Other Techniques To Shorten Trial.
13     1.   The parties recognize that ERISA claims are not subject
14 to jury trial.  At present Plaintiff does not request any
15 bifurcation.  Defendant will seek bifurcation of the ERISA-
16 related cause of action.  The matter of bifurcation or other
17 trial shortening methods is deferred for future decision.
18 XVI. Related Matters Pending.
19     1.   There are no related matters.
20 XVII.    Compliance With Federal Procedure.
21     1.   The Court requires compliance with the Federal
22 Rules of Civil Procedure and the Local Rules of Practice for the
23 Eastern District of California.  To aid the court in the
24 efficient administration of this case, all counsel are directed
25 to familiarize themselves with the Federal Rules of Civil
26 Procedure and the Local Rules of Practice of the Eastern District
27 of California, and keep abreast of any amendments thereto.
28 ///

**XVIII.    Effect Of This Order.**

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   September 5, 2008**          /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE